UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ISAIAH SAMUEL MEADOWS, *Pro Se*, | Case No.: 1:18 CV 2279 |
| Plaintiff | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| ATTORNEY SCOTT H. BALLOU, | MEMORANDUM OPINION |
| Defendant | AND ORDER |

*Pro Se* plaintiff Isaiah Samuel Meadows brings this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against defendant Attorney Scott Ballou (Compl., ECF No. 1). Plaintiff alleges that he was deprived of his federal and state constitutional rights to due process and effective assistance of counsel, and "legal malpractice was committed against me" (*id*. at 5). Plaintiff seeks compensatory and punitive damages. For the reasons that follow, this case is dismissed.

## I. BACKGROUND

The events giving rise to this action relate to Plaintiff's criminal case in the Cuyahoga County Court of Common Pleas, Case No. CR-16-607612 ("Criminal Case")). On March 7, 2017, plaintiff was scheduled for a criminal bench trial before Judge John Sutula and was represented by his attorney, defendant Scott Ballou (ECF. No. 1-3 at 1). Plaintiff alleges that after Judge Sutula's opening statements, Ballou asked the judge for a recess to speak privately with Meadows. According

to the Complaint, Ballou urged Plaintiff to enter a plea and promised him that Judge Sutula would sentence him to no more than 5-7 years, and that Ballou would send Plaintiff a food package in prison. Plaintiff claims that he reluctantly pleaded guilty, believing he would be sentenced to no more than 5-7 years and receive a food package, but Ballou did not explain issues such as consecutive mandatory sentences or that, by pleading guilty, Plaintiff waived his constitutional rights (*id*. at 1-2).

A sentencing hearing was conducted in the Criminal Case on March 28, 2017 (*id*. at 3). Before the hearing began, Plaintiff informed Judge Sutula that he wanted to withdraw his guilty plea and remove his attorney, defendant Ballou, from the Criminal Case (*id*.). Plaintiff states he informed Judge Sutula that Ballou had promised him a sentence of no more than 5-7 years and a food package. Plaintiff alleges that Judge Sutula asked Ballou for an explanation, which he gave, but with which Plaintiff disagreed. Judge Sutula denied Plaintiff's motion to withdraw his guilty plea and to remove counsel, and sentenced Plaintiff to 33 years in prison. Plaintiff alleges that he was prejudiced by Ballou's ineffective performance in the Criminal Case and unlawfully convicted and sentenced without due process of law and, had Ballou been effective, "there clearly would have been a different outcome" (*id*. at 3-4).

## II. DISCUSSION

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who

is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). While the court must construe the pleading in the light most favorable to the plaintiff, *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998), the court is not required to conjure unpleaded facts or construct claims against a defendant on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Twombly*, 550 U.S. at 564. A plausible pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief on the assumption that all of the allegations in the complaint are true. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677-78.

**B. Analysis**

**1. Plaintiff fails to state § 1983 claim**

Plaintiff's federal claims are brought pursuant to 42 U.S.C. § 1983. To allege a violation under § 1983, Plaintiff must establish that: (1) a person acting under color of state law (2) deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Gomez v. Toledo,* 446 U.S. 635, 640 (1980) (citation omitted). Plaintiff claims that defendant Ballou, acting under color of state law, violated his constitutional rights to effective assistance of

-3-

counsel and due process of law. Plaintiff fails to state a plausible § 1983 claim upon which relief may be granted because Ballou's alleged actions were not taken under color of state law.

The Complaint does not indicate whether Ballou was a public defender, retained, or appointed by the state court. That fact, however, is not dispositive of the court's analysis.[1] It is well-established that a criminal defense attorney is not acting under color of state law, whether appointed or retained. *West v. Atkins*, 487 U.S. 42, 50 (1988) ("'[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'") (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)); *White v. Robertson-Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001) ("It is firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983.") (citing *Polk County v. Dodson,* 454 U.S. at 321); *see also Jackson v. Fed. Pub. Defenders Office,* 2010 WL 446898 at *3 (E.D. Tenn. Feb. 2, 2010) ("[C]ourts have uniformly held an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law.") (collecting cases).

Because Ballou did not act under color of state law by virtue of serving as Plaintiff's criminal defense attorney, Plaintiff fails to state a plausible § 1983 claim upon which relief may be granted and those claims are dismissed pursuant to § 1915(e)(2)(B).

---

[1] It appears from the public docket in the Criminal Case that the state court assigned Ballou to represent Plaintiff on October 17, 2016. The court may take judicial notice of the public docket in the Criminal Case. *See Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005) (citing *Rodic v. Thistledown Racing Club, Inc*., 615 F.2d 736, 738 (6th Cir. 1980)).

**2. Plaintiff fails to state a claim pursuant to 18 U.S.C. §§ 201, 241, 242**

Plaintiff lacks standing to assert claims pursuant to 18 U.S.C. §§ 201, 241, and 242. These statutes relate to federal criminal offenses. A private citizen "has no authority to initiate a federal criminal prosecution [against] defendants for their alleged unlawful acts." *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) (citing among authority *Diamond v. Charles,* 476 U.S. 54, 64-65 (1986)); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.") (citing *U.S. v. Nixon*, 418 U.S. 683, 693 (1974)); *see also Miles v. Bottom*, No. 5: 15-CV-126-JMH, 2016 WL 2344222, at *4 (E.D. Ky. May 3, 2016) ("Because a private citizen lacks a judicially cognizable interest in the criminal prosecution of another, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), a civil plaintiff has no standing to assert a claim arising under a criminal statute.") (citing *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979)).

Because Plaintiff lacks standing to assert claims against Defendant based upon criminal statutes, he fails to state a plausible claim upon which relief may be granted, and his 18 U.S.C. §§ 201, 241, and 242 claims are dismissed pursuant to § 1915(e)(2)(B).

**3. Plaintiff fails to state a claim pursuant to 42 U.S.C. §§ 1985 and 1986**

"[I]n order to state a cause of action under § 1985, the plaintiff must allege that the defendants (1) conspired together, (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws, (3) and committed an act in furtherance of the conspiracy, (4) which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and (5) and that the conspiracy was motivated by racial, or other

class-based, invidiously discriminatory animus." *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102-03 (1971)). There are no allegations in the Complaint from which the court can infer that Defendant engaged with another person to conspire to deprive Plaintiff of his civil rights, or that the purpose of the alleged conspiracy was motivated by race or discriminatory animus. Plaintiff does not mention his race in the Complaint and, while he claims that Prosecutor Radigan and Judge Sutula witnessed Defendant's alleged legal malpractice (*see* Compl. at 5), Plaintiff does not allege that any person conspired with Defendant to deprive him of his civil rights. Accordingly, Plaintiff fails to state a plausible conspiracy claim under 42 U.S.C. § 1985 upon which relief may be granted and that claim is dismissed pursuant to § 1915(e)(2)(B).

Plaintiff's claim pursuant to 42 U.S.C. § 1986 for failing to prevent a conspiracy under § 1985 also fails. A § 1986 claim is dependent upon a valid § 1985 claim. Because Plaintiff has failed to state a plausible claim under § 1985, his § 1986 claim is also dismissed pursuant to § 1915(e)(2)(B). *See id.* at 1051 n. 5 (citations omitted).

**4. Plaintiff's state law claims are dismissed without prejudice**

Plaintiff asserts a number of state law claims, including legal malpractice and violation of Crim. R. 11. The court's supplemental jurisdiction over state law claims is governed by 28 U.S.C. § 1367(c), which provides that a district court may decline to exercise supplemental jurisdiction over state law claims when the court has dismissed all of the claims over which the court has original jurisdiction. 28 U.S.C. § 1367(c)(3). Generally, the court should exercise its discretion and decline to hear state law claims when all federal law claims are dismissed before trial. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724-26 (1966). Having dismissed all of Plaintiff's federal claims,

and seeing no other basis for federal jurisdiction, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, Meadows' state law claims are dismissed without prejudice.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiff's federal claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's state law claims are dismissed without prejudice. Plaintiff's motion for service of process (ECF No. 3) is moot, and denied as such.

The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

March 14, 2019